UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **KATHRYN STEWART**<br>207 Silk Drive<br>West Reading, PA 1961<br>　　　　　　　　Plaintiff.<br>　　v.<br>**READING HEALTH SYSTEM, d/b/a THE READING HOSPITAL AND MEDICAL CENTER**<br>420 S. Fifth Avenue<br>West Reading, PA 19611<br>　　　　　　　　Defendants | **CIVIL COMPLAINT**<br><br>NO._____ |

## I.   PARTIES

1.   Plaintiff, Kathryn Stewart ("Ms. Stewart"), is an adult individual who resides at the above identified address. This action is brought on her behalf.

2.   Defendant Reading Health System d/b/a The Reading Hospital and Medical Center ("Reading Hospital" or the "Hospital") is a hospital for the treatment and care of patients and operates out of the identified address. The Hospital is responsible for the acts and omissions of its agents, servants, independent contractors, and employees described herein.

## II.   JURISDICTION AND VENUE

3.   This Court has original jurisdiction over the subject matter of this action pursuant to the Federal Emergency Treatment and Active Labor Act (EMTALA), 42 U.S.C. § 1395 *et seq.* The court has supplemental or pendent jurisdiction over the state common law claims and causes of action alleged in this Complaint pursuant to 28 U.S.C. § 1367, and the amount in controversy exceeds $150,000.00.

THE BEASLEY FIRM, LLC
1125 WALNUT STREET
PHILADELPHIA, PA 19107
215.592.1000
215.592.8360 (FAX)
WWW.BEASLEYFIRM.COM

4. This Court has personal jurisdiction over the defendants because all of the actions herein occurred in this judicial district.

5. Venue is proper pursuant to 28 U.S.C. § 1391 *et seq* because the Defendants reside in this judicial district and all of the actions herein occurred in this judicial district.

### III. FACTUAL BACKGROUND

6. Defendant Reading Hospital claims the following on its internet website (http://reading.towerhealth.org/services/stroke/ ) with regard to its ability to provide high level care and treatment for stroke victims:

> Receiving treatment at the Stroke Center at Reading Hospital within three hours can greatly reduce the risk of permanent damage from a stroke.
>
> - Rapid Response Brain Attack team, with outcomes in the top 5 percent nationally
> - **24/7 neurology, neurosurgery**, and neuroradiology **availability**
> - Ability to **administer intravenous t-PA** (medicine to break up a blood clot)
> - Neuro-internationalist with ability to **provide intra-arterial t-PA, or mechanical clot removal**
> - **Eight-hour window of opportunity** for advanced mechanical intervention

7. On October 20, 2016, Ms. Stewart presented to the Reading Hospital emergency room with left sided weakness, slurred speech, visual changes, and dizziness where was admitted for evaluation at approximately 8:30 pm.

8. The Reading Hospital nurses and staff reported that Ms. Stewart had a "history" of ocular migraines and was experiencing a painful headache, which was not true.

THE BEASLEY FIRM, LLC
1125 WALNUT STREET
PHILADELPHIA, PA 19107
215.592.1000
215.592.8360 (FAX)
WWW.BEASLEYFIRM.COM

2

KATHRYN STEWART V. READING HEALTH SYSTEM D/B/A THE READING HOSPITAL AND MEDICAL CENTER
COMPLAINT

9. In the hospital, Ms. Stewart was experiencing spasms in her legs and could not keep her head still.

10. Reading Hospital physicians and nurses inaccurately reported Ms. Stewart's clinical picture to a neurologist, Jasdeep Khurana, M.D. ("Dr. Khurana"), remotely.

11. Despite inaccurately reporting that Ms. Stewart was experiencing a headache, and had a history of ocular migraines despite the records reflecting her last ocular migraine last occurred seven years earlier, Dr. Khurana still requested that Ms. Stewart undergo an MRI of her brain because of the clear stroke symptoms.

12. Despite this request by a neurologist, Ms. Stewart did not receive an MRI.

13. Over three hours later, Ms. Stewart suffered a right MCA stroke.

14. Ms. Stewart's in-hospital stroke occurred over four hours after Ms. Stewart arrived at Reading Hospital.

15. No neurologist ever personally saw or spoke to Ms. Stewart from the time she presented to the hospital until after her in-hospital stroke.

16. At no time did any Reading Hospital physician provide Ms. Stewart with any anti-thrombolytic medication.

17. At no time did any Reading Hospital physician provide Ms. Stewart with tPA, which would have minimized the long-term results of a stroke.

18. Additionally, after Ms. Stewart's in hospital stroke, no surgical intervention could occur because the Hospital was not equipped with sufficient stents.

19. Defendant Reading Hospital then transferred Ms. Stewart to Jefferson Hospital in Philadelphia for treatment and surgery.

3

THE BEASLEY FIRM, LLC
1125 WALNUT STREET
PHILADELPHIA, PA 19107
215.592.1000
215.592.8360 (FAX)
WWW.BEASLEYFIRM.COM

KATHRYN STEWART V. READING HEALTH SYSTEM D/B/A THE READING HOSPITAL AND MEDICAL CENTER
COMPLAINT

20. As a result of the preventable in-hospital stroke, Ms. Stewart has suffered and will continue to suffer paralysis, facial paralysis, slurred speech, medical treatment, physical and speech therapy, psychological therapy, expensive medical treatment, embarrassment, disfigurement, and loss of life's pleasures.

21. As a result of the preventable in-hospital stroke, Ms. Stewart, a psychologist, has suffered lost earnings and lost earning capacity.

## IV. THEORIES OF LIABILITY AND CAUSES OF ACTION

### FIRST CAUSE OF ACTION
### VIOLATION OF 42 U.S.C. §1395
### FEDERAL EMERGENCY MEDICAL TREATMENT AND ACTIVE LABOR ACT
### *Kathryn Stewart v. Defendant Reading Hospital*

22. Plaintiff incorporates the above paragraphs by reference.

23. Defendant Reading Hospital had the personnel and facilities to treat Ms. Stewart's stroke and prevent her in-hospital stroke but failed to do so in violation of EMTALA, 42 U.S.C. §1395 *et seq*.

24. Prior to Ms. Stewart's in-hospital stroke, the Reading Hospital physicians, nurses, and staff, were aware that Ms. Stewart was suffering from an emergency medical condition as defined by §1395(e)(1) and was a candidate for intervention to prevent an additional stroke and/or minimize the risk of sequelae from stroke.

25. Pursuant to EMTALA, 42 CFR §482.41(c)(2) Defendant Reading Hospital was required to "ensure that supplies are maintained to provide an acceptable level of safety and quality for patients. Among other things, this means that the hospital identifies the supplies [ ] that are likely to be needed in likely emergency situations…

THE BEASLEY FIRM, LLC
1125 WALNUT STREET
PHILADELPHIA, PA 19107
215.592.1000
215.592.8360 (FAX)
WWW.BEASLEYFIRM.COM

4

KATHRYN STEWART V. READING HEALTH SYSTEM D/B/A THE READING HOSPITAL AND MEDICAL CENTER
COMPLAINT

Further, the ***hospital must make adequate provisions to ensure the availability of those supplies*** when needed."

26.  Defendant Reading Hospital did not maintain sufficient stents to perform emergency intervention on Ms. Stewart to prevent an in-hospital stroke or otherwise treat it timely.

27.  The decision to transfer Ms. Stewart to Jefferson in her condition was not in her best interest but was done because of the Defendants' failure to maintain sufficient supplies in case of likely emergency and the very condition – stroke – it markets itself to be highly capable of treating.

28.  As a direct and proximate result of the Defendants' violation of EMTALA, as set forth in this complaint, Ms. Stewart was forced to suffer and will continue to suffer the damages as outlined herein.

29.  The Defendants' violation of EMPTALA as set forth in this complaint, increased the risk of harm that Ms. Stewart has suffered and will continue to suffer, which is previously outlined herein.

**WHEREFORE**, pursuant to 42 U.S.C. § 1395 et seq., Plaintiff hereby demand damages of Defendant in an amount in excess of the jurisdictional limit for a jury trial, plus costs, delay damages, and such other relief as this Honorable Court deems just and appropriate.

**SECOND CAUSE OF ACTION**
**NEGLIGENCE**
***Kathryn Stewart v. Defendant Reading Hospital***

30.  Plaintiff incorporates the above paragraphs by reference.

THE BEASLEY FIRM, LLC
1125 WALNUT STREET
PHILADELPHIA, PA 19107
215.592.1000
215.592.8360 (FAX)
WWW.BEASLEYFIRM.COM

5

KATHRYN STEWART V. READING HEALTH SYSTEM D/B/A THE READING HOSPITAL AND MEDICAL CENTER
COMPLAINT

31. The Reading Hospital Defendants are responsible for the acts and omissions of their agents, servants and/or employees involved in the care at issue in this lawsuit, including but not limited to those identified and described herein.

32. At all times material hereto Plaintiffs reasonably believed that the physicians, nurses, assistants, and residents involved in their care and treatment were employees of Defendant Reading Hospital.

33. The Reading Hospital Defendants, acting through their agents, servants and/or employees, including , but not limited to, those identified herein, were negligent when they:

    a. Failed to accurately report past medical history;

    b. Failed to timely consult a neurologist;

    c. Failed to timely institute stroke protocol;

    d. Failed to order or initiate anti-thrombolytic medication;

    e. Failed to accurately report Ms. Stewart's symptoms to an appropriate specialist;

    f. Failed to timely order appropriate radiological imaging;

    g. Failed to appreciate the emergency of Ms. Stewart's stroke like symptoms; and

    h. Failed to have the appropriate level of urgency in dealing with a stroke patient.

34. Defendant Reading Hospital, acting through their agents, servants and/or employees, including, but not limited to, those identified herein, knew or should have known the Ms. Stewart had suffered a stroke and required certain interventions, care, and treatment to prevent another stroke and/or minimize the risk of damage from the her previous stroke.

THE BEASLEY FIRM, LLC
1125 WALNUT STREET
PHILADELPHIA, PA 19107
215.592.1000
215.592.8360 (FAX)
WWW.BEASLEYFIRM.COM

6

KATHRYN STEWART V. READING HEALTH SYSTEM D/B/A THE READING HOSPITAL AND MEDICAL CENTER
COMPLAINT

35. Defendant Reading Hospital is vicariously liable for the negligent acts of its agents, servants, employees, and/or independent contractors described or identified in this complaint.

36. As a direct and proximate result of the Defendants' negligence as set forth in this complaint, Ms. Stewart was forced to suffer and will continue to suffer the damages as outlined herein.

37. The Defendants' negligence as set forth in this complaint, increased the risk of harm that Ms. Stewart has suffered and will continue to suffer, which is previously outlined herein.

**WHEREFORE**, plaintiffs hereby demand damages of Defendants in an amount in excess of the jurisdictional limit for a jury trial, plus costs, delay damages, and such other relief as this Honorable Court deems just and appropriate.

### THIRD CAUSE OF ACTION
#### CORPORATE NEGLIGENCE
*Kathryn Stewart v. Defendant Reading Hospital*

38. Plaintiff incorporates the above paragraphs by reference.

39. Defendant Reading Hospital was also negligent when it:

   a. Failed to have proper policies and procedures in effect to ensure that Ms. Stewart received appropriate treatment for stroke;

   b. Failed to ensure Reading Hospital was adequately staffed with specialists; and

   c. Failed to ensure Reading Hospital had adequate medical supplies to perform emergent interventions related to Ms. Stewart's stroke;

   d. Failed to have proper policies and procedures in effect to ensure that stroke patients receive timely medical care;

THE BEASLEY FIRM, LLC
1125 WALNUT STREET
PHILADELPHIA, PA 19107
215.592.1000
215.592.8360 (FAX)
WWW.BEASLEYFIRM.COM

7

KATHRYN STEWART V. READING HEALTH SYSTEM D/B/A THE READING HOSPITAL AND MEDICAL CENTER
COMPLAINT

40. Defendant Reading Hospital, acting through their agents, servants and/or employees, including, but not limited to, those identified herein, knew or should have known the Ms. Stewart had suffered a stroke and required certain interventions, care, and treatment to prevent another stroke and/or minimize the risk of damage from the her previous stroke.

41. Defendant Reading Hospital knew it had a responsibility to enact hospital policies and procedures, ensure adequate staffing, and ensure sufficient quantity of medical supplies and devices.

42. As a direct and proximate result of the Defendant's corporate negligence as set forth in this complaint, Ms. Stewart was forced to suffer and will continue to suffer the damages as outlined herein.

43. The Defendant's corporate negligence as set forth in this complaint, increased the risk of harm that Ms. Stewart has suffered and will continue to suffer, which is previously outlined herein.

**WHEREFORE**, plaintiffs hereby demand damages of the Defendant in an amount in excess of the jurisdictional limit for a jury trial, plus costs, delay damages, and such other relief as this Honorable Court deems just and appropriate.

### NOTICE OF PRESERVATION OF EVIDENCE

PLAINTIFFS HEREBY DEMAND AND REQUEST THAT DEFENDANT TAKE NECESSARY ACTION TO ENSURE THE PRESERVATION OF ALL DOCUMENTS, COMMUNICATIONS, WHETHER ELECTRONIC OR OTHERWISE, ITEMS AND THINGS IN THE POSSESSION OR CONTROL OF ANY PARTY TO THIS ACTION, OR

THE BEASLEY FIRM, LLC
1125 WALNUT STREET
PHILADELPHIA, PA 19107
215.592.1000
215.592.8360 (FAX)
WWW.BEASLEYFIRM.COM

8

KATHRYN STEWART V. READING HEALTH SYSTEM D/B/A THE READING HOSPITAL AND MEDICAL CENTER
COMPLAINT

ANY ENTITY OVER WHICH ANY PARTY TO THIS ACTION HAS CONTROL, OR FROM WHOM ANY PARTY TO THIS ACTION HAS ACCESS TO, ANY DOCUMENTS, ITEMS, OR THINGS WHICH MAY IN ANY MANNER BE RELEVANT TO OR RELATE TO THE SUBJECT MATTER OF THE CAUSES OF ACTION AND/OR THE ALLEGATIONS OF THIS COMPLAINT.

### DEMAND FOR JURY TRIAL

Plaintiff demands a jury trial.

THE BEASLEY FIRM, LLC

BY: _____
LANE R. JUBB, JR., ESQUIRE
**Attorneys for Plaintiff**

Dated: 27 October 2017

THE BEASLEY FIRM, LLC
1125 WALNUT STREET
PHILADELPHIA, PA 19107
215.592.1000
215.592.8360 (FAX)
WWW.BEASLEYFIRM.COM

9

KATHRYN STEWART V. READING HEALTH SYSTEM d/b/a THE READING HOSPITAL AND MEDICAL CENTER
COMPLAINT